**NEW YORK TELEPHONE COMPANY, Plaintiff–Counter–Defendant–Appellee,**

v.

**COMMUNICATIONS WORKERS OF AMERICA LOCAL 1100, AFL–CIO DISTRICT ONE, Defendant–Counter–Claimant–Appellant.**

No. 00–9182.

United States Court of Appeals, Second Circuit.

Argued April 25, 2001.

Decided July 5, 2001.

Lon S. Bannett, Verizon, New York, NY, for plaintiff-appellee.

Paul M. Levinson, East Windsor, NJ, for defendant-appellant.

Before JACOBS, PARKER, and KATZMANN, Circuit Judges.

PER CURIAM:

During a transfer of union employees from place to place, New York Telephone Company ("NYTel") used non-union workers supplied by 'temp' agencies to keep operations running. In negotiations concerning this arrangement, NYTel agreed to pay Communications Workers of America, Local 1100, a monthly sum equal to the union dues that Local 1100 would have collected if during the transition NYTel had used its own union employees instead of non-union temps. The question presented is whether those payments are illegal under 29 U.S.C. § 186, which proscribes payments by an employer to a union, subject however to certain exceptions—including an exception (§ 186(c)(2)) allowing payments in settlement of disputes and payments in satisfaction of court or arbitral awards.

Local 1100 appeals from the judgment of the United States District Court for the Southern District of New York (Jones, J.) vacating a labor arbitration award against NYTel and denying Local 1100's motion for summary judgment on its counterclaim to enforce the arbitration award. The district court relied on *International Longshoremen's Ass'n v. Seatrain Lines, Inc.*, 326 F.2d 916 (2d Cir.1964), which holds that whenever some other provision of § 186 states an exception more particularly applicable than the general terms of § 186(c)(2), the transaction must satisfy the requirements of the more particular exception. Since there is an exception in § 186 that allows an employer to pay dues

to a union under certain conditions that are not met in this case, the district court held that the payments are illegal, and we agree.

## BACKGROUND

The relevant facts are stipulated. NYTel entered into a collective bargaining agreement with Local 1100 in December 1989. In May 1990, NYTel advised Local 1100 that it anticipated a "surplus of bargaining unit clerical employees at certain NYTel offices" and "proposed the use of temporary employees to backfill while the surplus employees found jobs at other locations." Local 1100 protested that the use of temporary workers would violate the collective bargaining agreement and deprive the union of dues. After negotiation, NYTel agreed to pay the temp agencies a sum equal to union dues for each (non-union) temporary employee used, which sums the agencies then turned over to Local 1100 (the "agreement", the "dues payments").

The agreement, entered into in September 1990, was performed until January 1992. NYTel then discontinued the dues payments, having concluded that they were illegal under 29 U.S.C. § 186, which forbids "any employer . . . to pay . . . any money . . . to any labor organization . . . which represents . . . any of the employees of such employer." The ensuing dispute was presented to an arbitrator who was asked to decide, on stipulated facts, the limited question of whether the payments were illegal under § 186. The arbitrator concluded that the payments fell under one of the exceptions to § 186, and directed NYTel to pay approximately $20,000 in back dues (the "award"). *See New York Tel. Co. v. Communications Workers of Am., Local 1100*, NYT Case No. A–92–40, CWA Case No. 1–92–079 (Nov. 5, 1996) (Anderson, Arb.) (unpublished arbitral de-

cision). The arbitrator expressly disregarded *International Longshoremen's Ass'n v. Seatrain Lines, Inc.*, 326 F.2d 916 (2d Cir.1964): "As for the argument that the law of the 2nd Circuit is different and controlling, that can be tested, if needs be, by this decision. *Seatrain* was decided 34 years ago. . . . Perhaps it is time for a new court decision." *Id.*

The district court held that the dues payments were illegal because they did not come within an applicable exception to § 186 and therefore vacated the arbitration award and denied Local 1100's motion for summary judgment on its counterclaim to enforce the award. *See New York Tel. Co. v. Communications Workers of Am., Local 1100*, No. 99–Civ.909 (BSJ), 2000 WL 1174944 (S.D.N.Y. Aug.18, 2000).

## DISCUSSION

We review an arbitrator's decision with considerable deference:

> [T]his court has . . . recognized that an arbitration award may be vacated if it is in manifest disregard of the law. . . . [T]o modify or vacate an award on [manifest disregard], a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.

*Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir.1998) (internal citations and quotation marks omitted). *See, e.g., Local 97, Int'l Bhd. of Elec. Workers, AFL–CIO v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124–25 (2d Cir.1999). We review the district court's decision vacating the arbitration award *de novo*, as it turns entirely on questions of law. *See Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31 (2d Cir.1997).

With certain exceptions, it is illegal for "any employer ... to pay ... any money ... to any labor organization ... which represents ... any of the employees of such employer." 29 U.S.C. § 186(a)(2). The dues payments at issue are plainly within the ambit of the statute and are therefore illegal unless they fall within one of the nine exceptions listed in § 186(c). The arbitrator relied on § 186(c)(2), which states:

> The provisions of this section shall not be applicable ... with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator or impartial chairman or in compromise, adjustment, settlement, or release of any claim, complaint, grievance, or dispute in the absence of fraud or duress.

█ This exception could arguably assist the union in two ways: i) as the arbitrator reasoned, the dues payments could be seen as resulting from a "compromise" of the parties' "dispute" over the lost union dues; or ii) the payments may qualify as an "award of an arbitrator."

i) There are no salient differences between this case and *Seatrain*. In *Seatrain*, a dispute arose over the employer's use of pre-loaded cargo containers, a practice that reduced the hours of union labor and the dues received by the union. Under union pressure, the employer agreed to pay the union a fee in escrow for each pre-loaded cargo container, pending a court determination of lawfulness of such payments. *Seatrain* rejected the argument that such payments are legal as a "compromise" in settlement of a "dispute". Otherwise, we held, "the proscriptive effect of [§ 186] would be nullified, since every payment by any employer to a union

could be characterized as a settlement of a claim or demand made by the union." *Id.* at 920. Accordingly, "whenever some other provision of [§ 186] provides a more particularized exception, the transaction must satisfy the requirements of that other exception to be exempt." *Id.*

█ When, as here (and as in *Seatrain* ), an employer agrees to pay a union a sum in lieu of union dues, the particularized exception to consult is § 186(c)(4), *see id.*, which allows employers to deduct union dues from employees' wages and pay those dues to a union, provided however that the employees authorize the deduction in writing. There is no contention here that this condition of § 186(c)(4) has been met.

Local 1100 argues that it makes no sense to test the legality of dues payments in this case by an exception in § 186 that allows such payment only if the worker consents to a deduction from wages. The union has a point. If, as *Seatrain* says, that exception controls, then an employer can never make payments of the sort at issue here—payments in lieu of dues—because there is no union worker to give consent.

█ Local 1100 argues that this case should be distinguished from *Seatrain* on that ground. We disagree. The dues payments in *Seatrain* also were made in respect of labor performed by workers who were neither employed by the employer nor members of the union. So it was just as impossible in *Seatrain* to get the consent required to satisfy the terms of the § 186(c)(4) exception. The conclusion we draw is that § 186 simply does not allow an employer to pay money to a union in the shape of union dues otherwise than on account of an employee who consents to the payment.[1] This should not be surpris-

---

1. We do note, however, that we are not here dealing with payments made by court order

ing, because dues payments on behalf of non-employees bear the indicia of a gift, or worse.

 The arbitrator explicitly rejected *Seatrain,* relying instead on two (more recent) opinions from outside this Circuit. *See New York Tel. Co. v. Communications Workers of Am., Local 1100,* NYT Case No. A–92–40, CWA Case No. 1–92–079 (Nov. 5, 1996) (Anderson, Arb.); *see also Washington Post v. Washington–Baltimore Newspaper Guild, Local 35,* 787 F.2d 604 (D.C.Cir.1986); *United Steelworkers of Am. v. United States Gypsum Co.,* 492 F.2d 713 (5th Cir.1974). These opinions are not the law of this Circuit[2]; it was therefore "manifest disregard of the law" for the arbitrator to reject *Seatrain* and apply another rule. *Halligan,* 148 F.3d at 202.

ii) The district court considered whether this case is distinguishable from *Seatrain* on the ground that in this case (unlike *Seatrain* ) there is an arbitral award, and § 186(c)(2) authorizes payment that is in settlement of a dispute pursuant to the "award of an arbitrator." The district court concluded that because the arbitrator did not consider the merits of the underlying dispute, *Seatrain* nonetheless controls. We agree. We emphasize that the only question considered by the arbitrator was whether § 186 prohibits the payments. The arbitrator did not consider whether the collective bargaining agreement permits NYTel to hire temporary employees; so no independent evaluation was performed concerning the merits of the payment between NYTel and the union. This case does not differ materially

or resulting from arbitration on the merits of the underlying dispute (as will be discussed below).

2. We note in passing that in both *Washington Post* and *United Steelworkers* there was de-

from *Seatrain.* We therefore need not decide in this case whether to follow certain other circuits in holding that an arbitration on the merits may trigger the § 186(c)(2) exception. *See Washington Post,* 787 F.2d at 609, *United Steelworkers,* 492 F.2d at 733–34.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order vacating the arbitration award and denying Local 1100's motion for summary judgment.

tailed and extensive arbitral review of the merits of the underlying controversy between the employer and union, rather than, as here, review limited to the legality of the payments.